IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 4, 2020

### STATE OF TENNESSEE v. CALVIN COLE

**Appeal from the Circuit Court for Crockett County**
**No. 3193, 3797      Clayburn Peeples, Judge**

_____

### No. W2019-00465-CCA-R3-CD

_____

The Defendant, Calvin Cole, appeals the denial of his Rule 36.1 motion to correct an illegal sentence. Following our review, we affirm the judgment of the trial court summarily denying the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and CAMILLE R. MCMULLEN, J., joined.

A. Russell Larson, Jackson, Tennessee, for the appellant, Calvin Cole.

Herbert H. Slatery III, Attorney General and Reporter; and Katharine K. Decker, Assistant Attorney General, for the appellee, State of Tennessee.

### OPINION

### FACTS

On June 12, 2001, the Defendant pled guilty in case number 3193 in the Crockett County Circuit Court to three drug offenses in exchange for a total effective sentence of eight years. On July 18, 2002, the Defendant was placed on supervised probation for the offenses. The sentence expiration date on his probation certificate was listed as February 23, 2009.

On December 15, 2005, a probation violation report was filed alleging that the Defendant had violated the terms of his probation by his November 16, 2005 arrest for

contributing to the delinquency of a minor, casual exchange with a minor, solicitation of a minor, and statutory rape. On February 28, 2006, the Crockett County Grand Jury returned an indictment charging the Defendant with those offenses in case number 3797. On June 19, 2007, the Defendant pled guilty in case number 3797 to casual exchange of cocaine to a minor in exchange for an eight-year sentence to be served concurrently to his sentence in case number 3193 and suspended to time served, with the Defendant given pretrial jail credits from November 16, 2005 to June 19, 2007. That same day, the trial court entered an order revoking the Defendant's probation in case number 3193 for the approximately 19 months he had served in jail following his arrest in case number 3797 and returning him to supervised probation for the balance of his eight-year sentence. On December 2, 2011, an agreed order was filed transferring the Defendant to unsupervised probation for the remainder of his sentence in case number 3797.

On July 25, 2018, the Defendant filed a Tennessee Rule of Criminal Procedure 36.1 Motion to Correct Illegal Sentence in case numbers 3193 and 3797. Specifically, the Defendant alleged that because he was on probation in case number 3193 at the time he was sentenced in case number 3797, the sentence in case number 3797 should have been ordered to be served consecutively and, hence, was illegal.

The trial court summarily denied the motion in an order filed on November 7, 2018, on the basis that the sentence in the Defendant's most recent Crocket County case, case number 3797, expired in June 2015 and the court was therefore without jurisdiction to grant the requested relief. This appeal followed.

## ANALYSIS

On appeal, the Defendant apparently concedes that his sentences have expired but argues that the trial court erred in ruling that the sentences could not be altered or amended pursuant to Rule 36.1 merely because they were expired. The State responds that the trial court properly denied the motion because a defendant must file a motion to correct an illegal sentence before the sentence expires. We agree with the State.

Rule 36.1 provides in pertinent part:

Either the defendant or the state may seek to correct an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. Except for a motion filed by the state pursuant to subdivision (d) of this rule, a *motion to correct an illegal sentence must be filed before the sentence set forth in the judgment order expires.* The movant must attach to the motion a copy of each judgment order at issue and may attach other relevant documents. The motion shall

state that it is the first motion for the correction of the illegal sentence or, if a previous motion has been made, the movant shall attach to the motion a copy of each previous motion and the court's disposition thereof or shall state satisfactory reasons for the failure to do so.

Tenn. R. Crim. P. 36.1 (a)(1)(emphasis added).

Moreover, our supreme court has rejected the idea that a Rule 36.1 motion can be used to correct an illegal sentence after the sentence has expired:

Rather than adopt an interpretation of Rule 36.1 that is not supported by the expressed purpose or language of Rule 36.1, that is not consistent with the jurisprudential context from which Rule 36.1 developed, and that has the potential to result in unconstitutional applications of Rule 36.1, we hold that rule 36.1 does not expand the scope of relief and does not authorize the correction of expired illegal sentences. Therefore, a Rule 36.1 motion may be summarily dismissed for failure to state a colorable claim if the alleged illegal sentence has expired.

State v. Brown, 479 S.W.3d 200, 211 (Tenn. 2015).

The sentences in the Defendant's cases clearly expired well before he filed his motion. We, therefore, conclude that the trial court's summary denial of the Defendant's Rule 36.1 motion was proper.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the judgment of the trial court.

_____
ALAN E. GLENN, JUDGE